UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

Quinn Anthony James,

            Petitioner,            Case No. 1:21-cv-348

v.                                       Honorable Paul L. Maloney

Gary Miniard,

            Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition for failure to raise a meritorious federal claim.

**Discussion**

I.      **Factual allegations**

Petitioner Quinn Anthony James is incarcerated with the Michigan Department of Corrections at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. On October 25, 2018, following a four-day jury trial in the Kent County Circuit Court, Petitioner was convicted of four counts of third-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520d. On December 10, 2018, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to prison terms of 20 to 30 years for each conviction.[1]

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> In November 2017, Mujey Dumbuya disclosed to a school counselor and a police officer that she had been sexually assaulted by James.[1] Dumbuya stated that the first incident occurred in July 2017, and involved James penetrating her vagina with his penis while she was in the backseat of his vehicle. Then, in August 2017, he again sexually assaulted her in the backseat of a different vehicle. She stated that on that occasion he penetrated her vagina with his penis, his tongue, and his fingers. Dumbuya also recounted that in September 2017, James took her to an empty apartment and penetrated her vagina with his tongue and fingers. Dumbuya stated that each time she was sexually assaulted Daquarius Bibbs was also present.[2] At trial, Bibbs testified that he saw James have vaginal sex with Dumbuya on two occasions, that he watched James have oral sex with Dumbuya in an empty apartment, and that he was present when James "put his penis in" Dumbuya while they were at James's house.[3] Finally, during a police interview, James admitted to having both oral and vaginal sex with Dumbuya in the summer of 2017.
>
> At trial, the prosecution argued that James was guilty of four counts of CSC-III, either because Dumbuya was 15 years old when he sexually assaulted her or because he used force or coercion when sexually assaulting her. The jury found that Dumbuya was 15 years old, and convicted James under MCL 750.520d(a), and the charges relating to force or coercion were dismissed.

---

[1] Before Petitioner was tried for the CSC-III charges, he murdered the victim. He was convicted of the murder just a few months after he was convicted of the CSC-III charges. He was sentenced to life imprisonment without parole for the murder.

2

[1] Dumbuya was murdered before James's trial in this case, so she could not directly recount the sexual assaults to the jury. Instead, the school counselor and the police officer testified as to what she told them when she disclosed the abuse.  The jury was told that Dumbuya was deceased, but were not given any details of her death.

[2] Bibbs is James's girlfriend's nephew. In his police interview, James explained that in the summer of 2017, Bibbs was staying with his aunt and James.

[3] Bibbs testified that he was also having sex with Dumbuya when he was 17 years old and she was 15 years old. He was given immunity from prosecution in exchange for his testimony.

(Mich. Ct. App. Op., ECF No. 2-1, PageID.29.

Petitioner, with the assistance of counsel, directly appealed his convictions, raising the same issue he raises in his habeas petition.  By opinion entered September 10, 2020, the Michigan Court of Appeals affirmed the trial court.

Petitioner, again with the assistance of counsel, filed an application for leave to appeal to the Michigan Supreme Court.  That Court denied leave by order entered March 2, 2021.  This timely petition followed.

The petition raises one ground for relief, as follows:

I.  The complainant's purported Sierra Leone birth certificate was not self-authenticating.  Its erroneous admission in evidence denied [Petitioner] his due process right to a fair trial as guaranteed by the Fourteenth Amendment to the federal constitution.

(Pet., ECF No. 2, PageID.8.)

**II.  AEDPA standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

3

Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood

4

and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court

5

can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

**III.   Admission of the foreign birth certificate**

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id*. at 67–68. The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

The court of appeals ruled that the foreign birth certificate was properly admitted as self-authenticating under MRE 902(3). (Mich. Ct. App. Op., ECF No. 2-1, PageID.32) ("The trial court did not abuse its discretion by admitting [the victim's] birth certificate as a self-authenticating foreign public document under MRE 902(3)."). Moreover, the court of appeals determined that even if the birth certificate were not self-authenticating under Mich. R. Evid.

902(3), it "was properly authenticated under MRE 901(a)." (*Id.*)  Both state-law determinations are axiomatically correct on habeas review.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68.  It is possible that an evidentiary ruling—even a ruling that is axiomatically correct under state law—still violates due process.  State-court evidentiary rulings can rise to the level of due process violations if they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  This approach accords the state courts wide latitude in ruling on evidentiary matters.  *Seymour*, 224 F.3d at 552 (6th Cir. 2000).

Further, under the AEDPA, the court may not grant relief if it would have decided the evidentiary question differently.  The court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts.  *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000).  Petitioner has not met this difficult standard.  "[T]he Supreme Court has not established that questions of authenticity implicate due process."  *Dickens v. Chapman*, No. 19-1945, 2020 WL 832900, at *2 (6th Cir. Jan. 15, 2020); *Peeples v. Horton*, No. 2:17-cv-83, 2019 WL 5275033, at *7 (W.D. Mich. Apr. 3, 2019), *R. & R. adopted* 2019 WL 3759383 (Aug. 9, 2019) ("[T]here is no Supreme Court authority holding that . . . evidence . . . is constitutionally inadmissible because of authenticity issues . . . .").  Therefore, Petitioner simply cannot

7

demonstrate that the state appellate court's determination of this issue is contrary to, or an unreasonable application of clearly established federal law and he is not entitled to habeas relief.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial

of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   May 6, 2021                                       /s/ Paul L. Maloney
                                                                      Paul L. Maloney
                                                                       United States District Judge